Benjamin Brenner, J.
I believe it to be evidence of bad faith on the part of a casualty insurance company to decline upon pretrial to make an offer against a demand of $7,500 in an action by an infant eleven years of age, the tip of whose finger was fractured and amputated by a rapidly closing self-service elevator door. The material fact questions are the disrepair of such door and a claimed nerve involvement in the child’s finger. According to statements in plaintiff’s file, this elevator door was seen to have shut rapidly on several occasions prior to the accident. It seems irrelevant that the owner of the building has a cross claim over against a service company who similarly declined to make an offer of settlement, particularly since it may well be found that the owner was actively negligent and may not be entitled to recover over. Enough has been shown to warrant bona fide negotiations by all parties and not solely on the part of the plaintiff. It seems to me that a reasonably honest effort should be made to settle a case of this nature since there is no question about the fact of the occurrence and the seriousness of the injury sustained.
It has been my experience with this particular casualty company during the current pretrial period that only in clear-cut cases of liability where nominal sums are offered and accepted do settlements ensue. This is often the case where, unknown to the court, plaintiff’s attorney is inexperienced or anxious for immediate funds. Where the demand is justifiably substantial, pretrial merely offers the company here involved a technique for eliciting information supplied in the mistaken *201 hope of a fair offer, whereupon either a nominal sum is offered or entirely withheld upon the pretext that an issue of fact as to liability is presented. The existence of a sharply disputed issue of liability should not foreclose negotiation, else settlement is rarely possible. Nor should pretrial serve merely to deprecate plaintiff’s cause or instill a sense of futility in the mind of plaintiff’s counsel. Indeed, the representative for this company rather candidly stated to me that it is his experience that nominal sums offered are often readily accepted on the eve of trial after the softening up process has been completed.
To my mind such conduct perverts the purposes intended by our pretrial procedure. It is just as reprehensible as is an excessive demand by a plaintiff’s counsel intended to accomplish the reverse objective, namely, to induce an inordinate settlement. Pretrial will defeat itself, despite the need for reducing our negligence case load, unless the parties negotiate in good faith and refrain from confining their efforts to minimizing or exaggerating claims for future use. The court should not allow itself to be used in any effort at pretrial designed to effectuate an immediate or final settlement for an inappropriately nominal or excessive sum. A frequently offending attorney or casualty company should be wholly barred from pretrial.
Since I believe this particular casualty firm to be guilty of the practices herein criticized, I shall decline to pretry any further cases in which it is involved except those already considered for which dates have been fixed, and do hereby remand all of such unheard cases to Part I for trial. As to the case at hand, same is set down for trial on October 1,1956. Settle order on notice.